**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1117

KATHY L. HALE,

Plaintiff - Appellant,

versus

BROADSPIRE SERVICES, INCORPORATED, formerly
known as Kemper National Services; AMERICAN
ELECTRIC POWER SERVICE CORPORATION; AMERICAN
ELECTRIC POWER LONG TERM DISABILITY PLAN,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  Glen M. Williams, Senior
District Judge.  (1:04-cv-00054-gmw)

Submitted:  May 9, 2007                Decided:  May 16, 2007

Before WILKINS, Chief Judge, and WILKINSON and NIEMEYER, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Joseph E. Wolfe, David S. Bary, WOLFE, WILLIAMS & RUTHERFORD,
Norton, Virginia, for Appellant.  Thomas M. Winn, III, Frank K.
Friedman, Joshua F. P. Long, WOODS ROGERS, P.L.C., Roanoke,
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathy L. Hale commenced this action under § 502(a) of ERISA, 29 U.S.C. § 1132(a), against American Electric Power Service Corporation, her employer and ERISA plan sponsor, against the plan's day-to-day administrator, Broadspire Services, Inc., and against the plan itself, claiming long-term disability benefits. Hale claimed that due to chronic neck, back, and arm pain, as well as depression, she was permanently disabled according to the terms of the plan. The district court granted the defendants' motion for summary judgment, and Hale now appeals. We affirm.

American Electric Power provided Hale with benefits for 24 months based on her inability to perform her job. After continuing the payment of benefits for an additional two years, for a total of over four years, American Electric Power discontinued the payment of benefits because long-term benefits, after an initial 24 months of benefits, were available to Hale only if she became unable to perform "the essential duties of <u>any</u> occupation for which [she was] qualified by education, training, or experience." American Electric Power based its decision to discontinue the payment of long-term benefits on medical evaluations made by four different doctors; an independent functional capacity evaluation conducted by a physical therapist; and independent peer reviews of Hale's entire medical history by five different doctors.

Hale contends first that American Electric Power's determination to deny her long-term disability benefits deserves reduced deference because American Electric Power's appeals committee acted under a conflict of interest. See Ellis v. Metro Life Ins. Co., 126 F.3d 228, 233 (4th Cir. 1997). Hale provides no evidence to support this contention, and we therefore reject it as meritless. In a situation such as this, where the ERISA plan entitles decisions made by plan administrators to the "maximum discretionary authority permitted by law," courts must review administrators' decisions only for an abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Booth v. Wal-Mart Stores, Inc., 201 F.3d 335, 341 (4th Cir. 2000). Moreover, the mere fact that American Electric Power funded, sponsored, and administered the plan itself does not alone create a conflict of interest that reduces the deference we give to the decision made by American Electric Power's appeals committee. See Colucci v. Agfa Corp. Severance Pay Plan, 431 F.3d 170, 179 (4th Cir. 2005). Accordingly, we review the plan administrator's decision to deny Hale long-term disability benefits under the fully deferential abuse of discretion standard.

On the merits of her claim, Hale contends that American Electric Power abused its discretion by concluding that she was capable of performing jobs that matched her education, training, or experience. To support this contention, Hale refers to

-3-

evidence consisting primarily of conclusory reports issued by her personal primary care physician. The great bulk of the medical evidence, however, suggests that Hale is capable of performing jobs that match her experience working with and inspecting machinery. See Elliott v. Sara Lee Corp., 190 F.3d 601, 606 (4th Cir. 1999) (holding that it is not an abuse of discretion for a plan fiduciary to deny disability benefits where conflicting medical reports are presented). For example, Hale's independent functional capacity evaluation revealed that she could push or pull 30 pounds of force, lift 20 pounds from floor to shoulder occasionally, and lift 15 pounds on a frequent basis. Hale's psychiatrist reported that her psychological and emotional condition had stabilized and greatly improved. And every independent professional who reviewed Hale's medical history concluded that Hale was not permanently disabled from working. This evidence provides a reasonable and substantial basis for American Electric Power's conclusion that Hale is capable of working in positions commensurate with her experience. Positions identified included auxiliary equipment operator, electric meter reader, and a work dispatcher.

At bottom, when, as here, the administrator's decision was "the result of a deliberate, principled reasoning process" and was "supported by substantial evidence," Bernstein v. Capital Care,

Inc., 70 F.3d 783, 788 (4th Cir. 1985), we will not disturb the judgment of the plan administrator.

Because American Electric Power acted within the discretion conferred on it by its ERISA plan, we affirm the judgment of the district court.

AFFIRMED